UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:23-CV-00001-JHM

MARIETTA WORTH and MICHAEL WORTH                                               PLAINTIFFS

v.

AMERICAN FIRE AND CASUALTY COMPANY                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand [DN 11]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Remand is **DENIED**.

#### I. BACKGROUND

Plaintiffs Marietta and Michael Worth originally filed this action in Daviess Circuit Court against Defendant American Fire and Casualty Company alleging breach of contract, violation of unfair claims settlement practices under KRS § 304.12-230, and violation of the Kentucky Consumer Protection Act. [DN 1-2 at ¶¶13–36]. Defendant issued a commercial farm insurance policy to Plaintiffs for the policy period from January 21, 2021, to January 21, 2022 [DN 1 at ¶2; DN 1-2 at ¶6]. Plaintiffs suffered a structural collapse on the property covered under the policy on December 10, 2021. [DN 1-2 at ¶7]. Plaintiffs reported the loss to Defendant. [*Id.* at ¶9]. Defendant denied coverage for the claim. [*Id.* at ¶10]. Plaintiffs allege that Defendant "has failed and refused to pay any amount due for the loss." [*Id.*]. On January 3, 2023, Defendant removed this case, invoking the Court's diversity jurisdiction [DN 1]. Plaintiffs filed this Motion to Remand on January 31, 2023, arguing that Defendant failed to establish the amount in controversy. [DN 11 at 2]. Defendant opposes the motion arguing that the amount in controversy exceeds the threshold. [DN 15 at 1, 5].

## II. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendant removed this action pursuant to 28 U.S.C. § 1441 claiming that this Court has diversity jurisdiction over the action under 28 U.S.C § 1332. Diversity jurisdiction gives "[t]he district courts … original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a), (a)(1).

## III. DISCUSSION

Plaintiffs do not dispute that complete diversity of citizenship exists between the parties. Rather, they dispute only whether the amount in controversy requirement is satisfied. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2)(A). However, in Kentucky, when a plaintiff is seeking unliquidated damages, he may not recite the exact amount within his complaint. Ky. R. Civ. P. 8:01 ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court …."). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 551. However, when a plaintiff protests the removal, the removing defendant must prove by a preponderance of evidence that the

jurisdictional requirements are met. *Puri v. Baugh*, No. 1:14-CV-137, 2015 WL 3796346, at *2 (W.D. Ky. June 18, 2015) (citing *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

Here, Plaintiffs argue that Defendant has failed to provide any evidence that Plaintiffs' damages exceed $75,000. [DN 11 at 4]. Plaintiffs contend Defendant should have engaged in pre-removal discovery to determine the actual damages sought. [*Id.*]. Defendant contends that Plaintiffs suffered a property loss that, if covered by the insurance policy, "could easily implicate the combined policy limits of approximately $80,000." [DN 15 at 5]. In the notice of removal, Defendant claimed the insurance policy includes coverage for damage to the insured dwelling, up to a limit of $72,328 and the insurance policy also includes coverage for loss of use for the insured dwelling, up to a limit of $7,233. [DN 1 at ¶3–4].

In terms of meeting the preponderance of evidence standard, the Sixth Circuit simply requires "the removing defendant [to] show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)). To establish the jurisdictional threshold, "[a] defendant drawn into a Kentucky court would be wise to engage in pre-removal discovery to clarify the amount in controversy." *Shannon v. PNC Bank, N.A.*, No. 3:14-CV-00421-CRS, 2015 WL 3541850, at *3 (W.D. Ky. June 2, 2015); [*See* DN 11 at 4]. "That said, the defendant's failure to conduct pre-removal discovery does not necessarily foreclose the ability to establish the requisite amount in controversy at the time of

3

removal." *Offutt v. Kemper Corp.*, No. 3:18-CV-00438-RGJ, 2019 WL 1427558, at *2 (W.D. Ky. Mar. 29, 2019) (citing *Shannon*, 2015 WL 3541850, at *3)). Additionally, the Court may consider punitive damages in determining the amount in controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006) (citing *Hayes*, 266 F.3d at 572)).

Here, the Defendants have met their burden. The structural damage alleged appears to be quite extensive. The damage and loss of use coverages under the policy totals nearly $80,000.00. [DN 15 at 4, 6; DN 1-2 at ¶16]. In addition, Plaintiffs seek attorneys' fees, costs, and interest under KRS § 304.12-230 and KRS § 304.12-235. [DN 1-2 at ¶30]. Plaintiffs also seek damages for Defendant's alleged violation of the Kentucky Consumer Protection Act. [*Id.* at ¶36]. In determining whether this Court has jurisdiction, the Court must consider all of Plaintiffs' damages claims including the request for punitive damages and attorneys' fees. *See* Hayes, 266 F.3d at 572; *Pendergrass v. Time Ins. Co.*, No. 5:09-CV-00215-R, 2010 WL 989154, at *2 (W.D. Ky. Mar. 12, 2010). The Court concludes it is "more likely than not" that Defendant has established by a preponderance of evidence that the amount in controversy exceeds $75,000.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [DN 11] is **DENIED**.

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: counsel of record

April 25, 2023